UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD A. FOX,<br><br>Plaintiff,<br><br>v.<br><br>ENGLISH, SMITH, M. GAPSKI, K. GRAND, GLOBAL TEL LINK CORPORATION, SMITH, M. PORTER, MIAMI CORRECTIONAL FACILITY, IDOC,<br><br>Defendants. | CAUSE NO. 1:26-CV-386-PPS-AZ |

OPINION AND ORDER

Richard A. Fox, a prisoner without a lawyer, filed a complaint (ECF 1) along with a motion for preliminary injunctive relief (ECF 3). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fox has sued Warden English, Deputy Warden Smith, Grievance Specialist M. Gapski, Grievance Specialist K. Grand, the CEO of Global Tel Link Corporation, GTL Dept. Ms. Smith, Mail Room Supervisor M. Porter, the Miami Correctional Facility (MCF), and the Indiana Department of Correction (IDOC) for events that happened at

MCF in 2024 and 2025. The complaint is difficult to follow in parts, but I'll do my best to piece it together.

Fox alleges that inmates at MCF robbed him at knife point on August 1, 2024, and stole his tablet and associated PIN. The inmates knew he had several thousand dollars in his trust account, and they used the tablet and PIN to run up nearly $9,000 in phone charges. ECF 1 at 2. He then reported the incident to correctional officers and sent grievances about the matter to Warden English and Deputy Warden Smith. *Id*. He says they denied him any opportunity to recover the $9,000. *Id*. Fox further alleges they conspired to thwart the facility's grievance, complaint, and mail processes. *Id*. at 4. Because the defendants refused to return the money, Fox says he has been unable to support himself or his family. *Id*. at 5.

Fox separately alleges that MCF's mailroom supervisor confiscated eight of his magazines on February 20, 2024, and that he was denied a fair opportunity to challenge the confiscation. *Id.* at 5. He sent a grievance about the matter to Grievance Specialist Gapski but never received a response. *Id.* Finally, he alleges MCF and IDOC have allowed Gapski to interfere with the grievance process and requests that Gapski be sanctioned. *Id.* at 6.

In addition, Fox filed a separate motion for preliminary injunctive relief. ECF 3. In it, he requests a transfer to another facility and asks me to order the defendants to pay him $338 for magazines he says they unlawfully destroyed. *Id*. at 3.

The claims described above are entirely unrelated. "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford*

*Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Seventh Circuit Court of Appeals has urged district courts to "be alert" to the issue of unrelated claims. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). It has also warned "that district courts should not allow inmates to flout the rules for joining claims and defendants, *see* Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Id*. (citing *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *see also Thompson v. Bukowski*, 812 F. App'x. 360, 363 (7th Cir. 2020) (noting that "mere overlap between defendants is not enough" and affirming dismissal of unrelated claims at the screening stage where plaintiff made "no specific argument" that the questions of law or fact were "common to all defendants").

Fox attempts to link the allegations together by asserting a vague conspiracy, but he doesn't sufficiently explain what any of the defendants did to conspire against him. *See, e.g., Taha v. Int'l. Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and citations omitted)); *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) ("A plaintiff must include adequate factual detail to lift his claims from mere speculative possibility to plausibility.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

He may also be attempting to link the allegations together by asserting generally that the grievance process at MCF is inadequate. Even so, a dysfunctional grievance process does not give rise to a constitutional claim. *See Grieveson v. Anderson*, 538 F.3d 763, 773 (7th Cir. 2008) (noting there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure); *see also Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 F. App'x 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cnty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)). Fox can't bring these claims together in one lawsuit simply because they happened to him at the same prison. *Thompson*, 812 F. App'x at 363.

When a plaintiff files a complaint with unrelated or misjoined claims, I generally allow him to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler*, 689 F.3d at 683 (district courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants"). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

Fox needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563; *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form,

which can be found in the prison law library, including only a discussion of those related claims and defendants. He needs to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured. He should not write about other events and conditions at MCF that are not directly related to the claim against the named defendant or defendants. If Fox wants to pursue a different, unrelated claim, he must file a separate complaint. Each complaint will be assigned a new case number and will proceed as an independent case, subject to the usual filing fees, costs, and constraints of the Prison Litigation Reform Act.[1]

Next, I address Fox's motion for a preliminary injunction. In his motion, Fox requests a transfer to a new facility and reimbursements for his losses. ECF 3 at 3. As to the losses, he specifically requests payment for the $338 worth of destroyed magazines. *See id.* A preliminary injunction is a "very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (quoting *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020)). To obtain a preliminary injunction, a movant "must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020) (quoting *Turnell v.*

[1] If he files an amended complaint that still contains unrelated claims, I reserve the right to choose one for him and dismiss the rest without prejudice. *See Owens*, 635 F.3d at 952 ("Complaints like this one from Owens should be rejected, either by severing the action into separate lawsuits or by dismissing improperly joined defendants.") (internal citations omitted)); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

*CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015)); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Mandatory preliminary injunctions" requiring the defendant to take affirmative acts are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

First, Fox asks me to order the defendants to pay him for the magazines they destroyed. ECF 3 at 3. If Fox ultimately prevails on the merits of his case, nothing suggests he can't be made whole with monetary damages. *See Roland Mach. Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 386 (7th Cir. 1984). Fox also requests a transfer to a new facility. But there's nothing in the motion or complaint supporting this request. He asserts a "substantial threat of irreparable harm" if the injunction is not granted, ECF 3 at 2, but he doesn't explain what that threat is. His motion refers only to unspecified retaliation and general mistreatment. As a result, Fox's request for injunctive relief must be denied.

Finally, Fox filed a motion to proceed in forma pauperis (ECF 2), but he hasn't included a copy of his inmate trust fund ledger detailing his transactions for the six-month period "immediately preceding" the filing of this lawsuit, as is required.[2] *See* 28 U.S.C. § 1915(a)(2). If he wishes to proceed with this lawsuit, Fox will either need to pay the $405 filing fee up front, or he will need to refile a motion to proceed in forma pauperis with the correct ledger attached. .

Accordingly:

---

[2] The ledger he attaches shows transactions from more than two years ago and doesn't display the transactions for the last six months needed to calculate his initial partial filing fee. *See* ECF 2-1.

(1) The motion for a preliminary injunction (ECF 3) is DENIED;

(2) The motion to proceed in forma pauperis (ECF 2) is DENIED with leave to refile;

(3) Richard A. Fox is GRANTED until **October 3, 2026**, to file an amended complaint on the proper form containing only related claims;

(4) Richard A. Fox is GRANTED until **October 3, 2026**, to resolve his filing fee status as described above; and

(5) Richard A. Fox is CAUTIONED that if he doesn't amend his complaint and resolve his filing fee status by the deadline, this case may be dismissed without further notice.

SO ORDERED.

ENTERED: September 2, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT